**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RUTILIO ARNULFO LANDAVERDE, AKA Arnulfo Landaverde, AKA Arnulfo Rutilio Landaverde, AKA Arnulfo Melgar, AKA Arnulfo Landaverde Melgar, AKA Frank Melgar, AKA Arnulfo Melgar Landaverde, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-70137 <br><br> Agency No. A070-777-216 <br><br> MEMORANDUM[*] |

| | |
|---|---|
| RUTILIO ARNULFO LANDAVERDE, AKA Arnulfo Landaverde, AKA Arnulfo Rutilio Landaverde, AKA Arnulfo Melgar, AKA Arnulfo Landaverde Melgar, AKA Frank Melgar, AKA Arnulfo Melgar Landaverde, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, | No. 13-73371 <br><br> Agency No. A070-777-216 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2015
Pasadena, California

Before: FARRIS, TASHIMA, and BYBEE, Circuit Judges.

Petitioner Rutilio Landaverde petitions for review of two decisions of the Board of Immigration Appeals (BIA). Landaverde's first petition (Petition 12-70137) appeals the BIA's denial of his motion to reconsider its earlier decision affirming the Immigration Judge's (IJ) removal order. His second petition (Petition 13-73371) appeals the BIA's denial of his motion to reopen his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we review the BIA's "denial of a motion to reconsider or reopen for an abuse of discretion." *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). We deny in part and dismiss in part Petition 12-70137 and deny Petition 13-73371.

**Petition 12-70137**

The BIA did not abuse its discretion by determining that Landaverde's 1998 conviction under California Penal Code § 288(a) was a particularly serious crime. *See Alphonsus v. Holder*, 705 F.3d 1031, 1043 (9th Cir. 2013). Both the IJ and the

2

BIA properly applied the factors outlined in *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982), performing the mandated case-specific analysis of Landaverde's conviction rather than merely reciting the elements of a generic § 288(a) offense. Indeed, the BIA discussed the particulars of Landaverde's conviction, noting that Landaverde had "sexual relations with a 13 year-old female child when he was 23 years old." This "difference in age," the BIA reasoned, "evidence[d] the predatory nature of [Landaverde's] offense." Additionally, the BIA directly asserted that it considered "[t]he facts of the crime" in reaching its determination that Landaverde posed a "danger to the community of the United States." Accordingly, we deny Petition 12-70137 insofar as it challenges the BIA's "particularly serious crime" determination.

Landaverde also challenges the BIA's failure to address his request for deferral of removal under the Convention Against Torture (CAT). Because Landaverde did not raise this claim before the BIA, he has not exhausted his administrative remedies, and this court lacks jurisdiction to hear his arguments. *See* 8 U.S.C. § 1252(d)(1); *see also Arsdi v. Holder*, 659 F.3d 925, 928–29 (9th Cir. 2011) ("We have repeatedly held that failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and

3

deprives this court of jurisdiction to hear the matter.") (internal quotation marks omitted). Accordingly, we dismiss the remainder of Petition 12-70137.

**Petition 13-73371**

The BIA did not abuse its discretion by denying Landaverde's motion to reopen. Landaverde argues that his counsel before the BIA was ineffective, but to prevail on this claim, Landaverde "must demonstrate first that counsel failed to perform with sufficient competence, and, second, that [h]e was prejudiced by counsel's performance." *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). Here, he has made neither showing.

First, Landaverde's counsel's decision not to press the CAT claim before the BIA was a strategic decision made after his assessment of the evidence presented to the IJ and consultation with his client. Counsel is not required "to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *see also Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 918–19 (9th Cir. 2015) (explaining that "lawyers must weigh countless probabilities when advising their clients on what claims to pursue, motions to file, and arguments to raise").

Second, even if counsel's performance was deficient, Landaverde has not shown that he was prejudiced. Landaverde's claim for deferral of removal under

4

CAT, even if properly raised to the BIA, would not have been viable. *See Jie Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004).

**PETITION No. 12-70137 DENIED IN PART, DISMISSED IN PART.**

**PETITION No. 13-73371 DENIED.**

FILED

DEC 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Landaverde v. Lynch*, Nos. 12-70137 & 13-73371

TASHIMA, Circuit Judge, concurring in part and dissenting in part:

While I agree with the majority's disposition of Landaverde's second petition for review, in No. 13-73371, I disagree that the BIA did not abuse its discretion when it determined that Landaverde had been convicted of a particularly serious crime, rendering him ineligible for withholding of removal. I therefore respectfully dissent, in part, from the majority's denial of Landaverde's petition for review in No. 12-70137.

We review the BIA's application of law *de novo*. *Blandino-Medina v. Holder*, 712 F.3d 1338, 1342-43 (9th Cir. 2013). Here, the BIA's analysis relied almost exclusively on the elements of Landaverde's crime. This is contrary to both Ninth Circuit and BIA precedent, which, instead, require the BIA to base its determination on the unique facts and circumstances underlying the conviction.

Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), only aggravated felonies "for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years" are *per se* particularly serious crimes. 8 U.S.C. § 1231(b)(3)(B)(iv). For all other convictions, the BIA must "examine[] the individualized characteristics of the offense" on a case-by-case basis. *Blandino-Medina*, 712 F.3d at 1348. Thus, the BIA cannot deem a crime particularly serious "based solely on the elements of the offense." *Id.*

Instead, its analysis must be guided by four factors, as set forth in *Matter of Frentescu*: (1) the nature of the conviction; (2) the circumstances and underlying facts of the conviction; (3) the type of sentence imposed; and (4) whether the type and circumstances of the crime indicate that the alien will be a danger to the community. 18 I. & N. Dec. 244, 247 (BIA 1982). Proper application of the *Frentescu* factors requires the BIA to "separate [Petitioner's crime] from an analysis regarding any other person's conviction for the same offense." *Afridi v. Gonzales*, 442 F.3d 1212, 1219 (9th Cir. 2006), *overruled on other grounds by Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc)).

Landaverde pled guilty to committing lewd and lascivious acts with a minor under California Penal Code § 288(a).[1] He was sentenced to six days in jail, five years of probation, and required to register as a sex offender in California. All of the parties agree that Landaverde's crime was not an aggravated felony. Therefore, the BIA was obligated to examine the "individualized characteristics of the offense" in order to deem it particularly serious.

---

[1] Section 288(a) provides that "any person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

Yet, in its initial decision, the BIA focused on just three factors: (1) the elements of § 288(a), which the agency noted is categorized as a "serious felony" under California law; (2) the age difference between Landaverde and his victim, which "evidence[d] the predatory nature of the offense"; and (3) the fact that Landaverde was required to register as a sex offender. Each of these factors primarily speaks to either the nature of the crime, or its elements.[2] Later, in its decision denying Landaverde's motion to reconsider, the BIA also noted that "the length of probation," combined with the registration requirement, "demonstrates that [Landaverde] is a danger to the community of the United States."[3]

This truncated analysis all but ignores the second *Frentescu* factor, and gives little more than cursory attention to the third and fourth factors. The BIA did not

---

[2] The majority asserts that "the BIA discussed the particulars of Landaverde's conviction, noting that Landaverde had 'sexual relations with a 13 year-old female child when he was 23 years old," and that this "'difference in age' . . . evidence[d] the predatory nature of [Landaverde's] offense.'" Maj. disp. at 3. But the difference in age is an element of the offense. Section 288(a) requires a minimum age difference of eight years (an adult of 21 years and a minor under 14 years of age), and the difference here was 10 years.

[3] One can just as easily argue that the imposition of a sentence of probation indicates leniency because it is less harsh than its alternative, imprisonment. As for the registration requirement, presumably all persons convicted of violating § 288(a) are subject to it. Moreover, *Frentescu*'s fourth factor directs an examination of whether the type and circumstances of the crime indicate that the alien will be a danger to the community, *not* whether the type of sentence imposed so indicates.

3

discuss any facts that differentiate this crime from any other conviction for the same offense, except incidentally to note the "difference in age between the respondent and the victim" in its discussion of the first *Frentescu* factor, the nature of the crime. And, other than a brief mention of the length of Landaverde's probation, all of the factors that the BIA relied on are elements of § 288(a). They would be present in *any* conviction under that statute. Thus, the BIA failed to apply both our precedent in *Blandino-Medina*, and its own requirements, as set forth in *Frentescu*. *See Afridi*, 442 F.3d at 1219 (holding that simply considering the nature of the petitioner's crime and the terms of his probation was not sufficient to separate Afridi's crime from that of any other person convicted under the same statute).

Because the BIA failed adequately to consider all four *Frentescu* factors in making its particularly serious crime determination, I would grant Landaverde's petition for review in No. 12-70137 and remand for a case-specific analysis that examines the individual characteristics of his crime. As to this issue, I respectfully dissent.[4]

---

[4] I agree with the majority's dismissal of the remainder of Landaverde's petition for review in No. 12-70137 because Landaverde did not exhaust his administrative remedies with respect to his CAT claim.