Mark D. Estle, Esquire, Senior Counsel, The Estle Law Firm, San Diego, CA, for Defendant-Appellee NBS Default Services, LLC

Kevin Broersma, Attorney, Los Angeles, CA, for Defendant-Appellee Ticor Title Company of California

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

## MEMORANDUM **

This matter has been stayed since February 23, 2017 pending resolution of *Ho v. ReconTrust Co., N.A.*, No. 10-56884, or further order of the court. Defendant Deutsche Bank National Trust Company and Wells Fargo Bank, NA's motion to lift the stay (Docket Entry No. 30) is granted. We hereby lift the stay.

Lofton Ryan Burris appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Burris's action because Burris failed to

** This disposition is not appropriate for publication and is not precedent except as provid-

allege facts sufficient to state any plausible claim. *See id.* at 341-42 (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by accepting defendants' motion to dismiss over Burris's objection that defendants had not complied with Central District of California Local Rule 7-3. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (standard of review); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

**Salomon BOUZAGLO, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 14-73954

United States Court of Appeals, Ninth Circuit.

ed by Ninth Circuit Rule 36-3.

Submitted February 16, 2018 *
Pasadena, California

Filed February 22, 2018

Leon Hazany, Attorney, Los Angeles, CA, for Petitioner

Tim Ramnitz, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: BERZON and BYBEE, Circuit Judges, and GLEASON,** District Judge.

MEMORANDUM ***

Salomon Bouzaglo petitions for review of a decision of the Board of Immigration Appeals (BIA), rejecting his claim of ineffective assistance of counsel and affirming the Immigration Judge's (IJ's) order of removal. Ineffective assistance of counsel claims require a showing of constitutionally deficient performance and prejudice, *i.e.*, that counsel's performance *"may* have affected the outcome of the proceedings." *Mohammed v. Gonzales*, 400 F.3d 785, 794 (9th Cir. 2005) (emphasis in original and internal quotation marks omitted). The analysis eschews "specific guidelines"—instead, it is a "context-dependent inquiry into whether the attorney acted with 'sufficient competence.'" *Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 921 (9th Cir. 2015) (quoting *Mohammed*, 400 F.3d at 793).

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Ineffectiveness and prejudice might be shown, for example, where a necessary application or appeal is not filed. *E.g.*, *Ray v. Gonzales*, 439 F.3d 582, 588–89 (9th Cir. 2006) (finding prejudice where BIA denied motion only due to the motion's untimeliness). But a claim of ineffective assistance fails, of course, if the petitioner had no "plausible grounds for relief" in the first instance. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (internal quotation marks omitted).

Bouzaglo's primary argument is that prior counsel's failure to object to the admission of the French and German conviction papers amounted to ineffective assistance. He claims that this is the case, because the translators' affidavits do not indicate who translated the documents, because the affidavits do not indicate which documents were translated, because there is no way to tell whether the documents were correctly translated, because the documents were not properly authenticated and thus cannot serve as authentic records of conviction, and because the Government cannot show that the Salomon Bouzaglo in the French and German conviction papers is the same man as Petitioner Bouzaglo here.

We reject these arguments. As the BIA noted, the translators' names are identified in the affidavits, and Bouzaglo does not identify any portions of these documents that he contends are incorrectly translated. The affidavits appear standard and sufficient, and they identify the translated documents. Further, prior counsel *did* object to the consideration of these documents for other reasons, *i.e.*, that Bouzaglo did not receive a fair trial, and that the

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

convictions do not qualify as crimes of moral turpitude. The IJ rejected these arguments.

Moreover, prior counsel did not perform ineffectively by failing to argue that the conviction papers do not allow one to determine whether the European convict Bouzaglo is indeed the same man as Petitioner Bouzaglo. Although Bouzaglo now argues he is "factually innocent," and denies having "traffic[ked] any narcotics in France or Germany," he nonetheless already admitted to the *convictions*, both in his 2003 application for adjustment of status, and in his papers submitted to the IJ.

Bouzaglo also argues that prior counsel's failure to apply for asylum, withholding of removal, and Convention Against Torture relief amounts to ineffective assistance of counsel. But Bouzaglo points to no "plausible grounds for [that] relief." *Rojas-Garcia*, 339 F.3d at 826 (internal quotation marks omitted). As the BIA correctly held, he has not established prima facie eligibility for such relief, because his fear of criminals bears no nexus to a protected ground, nor does it demonstrate an unwillingness of the respective foreign governments to assist him. *See Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010) (asylum and withholding of removal require a showing of persecution "committed by the government or forces the government is either unable or unwilling to control.") (internal quotation marks omitted).

We deny the petition for review.

---

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.