MEMORANDUM*
Petitioner Rutilio Landaverde petitions for review of two decisions of the Board of Immigration Appeals (BIA). Landa-verde’s first petition (Petition 12-70137) appeals the BIA’s denial of his motion to reconsider its earlier decision affirming the Immigration Judge’s (IJ) removal order. His second petition (Petition 13-73371) appeals the BIA’s denial of his motion to reopen his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we review the BIA’s “denial of a motion to reconsider or reopen for an abuse of discretion.” Ghahremani v. Gonzales, 498 F.3d 993, 997 (9th Cir.2007). We deny in part and dismiss in part Petition 12-70137 and deny Petition 13-73371.

Petition 12-70137

The BIA did not abuse its discretion by determining that Landaverde’s 1998 conviction under California Penal Code § 288(a) was a particularly serious crime. See Alphonsus v. Holder, 705 F.3d 1031, 1043 (9th Cir.2013). Both the IJ and the BIA properly applied the factors outlined in Matter of Frentescu, 18 I. & N. Dec. 244, 247 (BIA 1982), performing the mandated case-specific analysis of Landaverde’s conviction rather than merely reciting the elements of a generic § 288(a) offense. Indeed, the BIA discussed the particulars of Landaverde’s conviction, noting that Landaverde had “sexual relations with a 13 year-old female child when he was 23 years old.” This “difference in age,” the BIA reasoned, “evidenced] the predatory nature of [Landaverde’s] offense.” Additionally, the BIA directly asserted that it considered “[t]he facts of the crime” in reaching its determination that Landaverde posed a “danger to the community of the United States.” Accordingly, we deny Petition 12-70137 insofar as it challenges the BIA’s “particularly serious crime” determination.
Landaverde also challenges the BIA’s failure to address his request for deferral of removal under the Convention Against Torture (CAT). Because Landa-verde did not raise this claim before the BIA, he has not exhausted his administrative remedies, and this court lacks jurisdiction to hear his arguments. See 8 U.S.C. § 1252(d)(1); see also Arsdi v. Holder, 659 F.3d 925, 928-29 (9th Cir.2011) (“We have repeatedly held that failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.”) (internal quotation marks omitted). Accordingly, *914 we dismiss the remainder of Petition 12-70137.

Petition 13-73371

The BIA did not abuse its discretion by denying Landaverde’s motion to reopen. Landaverde argues that his counsel before the BIA was ineffective, but to prevail on this claim, Landaverde “must demonstrate first that counsel failed to perform with sufficient competence, and, second, that [h]e was prejudiced by counsel’s performance.” Mohammed v. Gonzales, 400 F.3d 785, 793 (9th Cir.2005). Here, he has made neither showing.
First, Landaverde’s counsel’s decision not to press the CAT claim before the BIA was a strategic decision made after his assessment of the evidence presented to the IJ and consultation with his client. Counsel is not required “to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success.” Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009); see also Salazar-Gonzalez v. Lynch, 798 F.3d 917, 918-19 (9th Cir.2015) (explaining that “lawyers must weigh countless probabilities when advising their clients on what claims to pursue, motions to file, and arguments to raise”).
Second, even if counsel’s performance was deficient, Landaverde has not shown that he was prejudiced. Landaverde’s claim for deferral of removal under CAT, even if properly raised to the BIA, would not have been viable. See Jie Lin v. Ashcroft, 377 F.3d 1014, 1027 (9th Cir.2004).
PETITION No. 12-70137 DENIED IN PART, DISMISSED IN PART.
PETITION No. 13-73371 DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.