**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHUYUAN FENG; ANYA YU; MENG YU, | No. 15-71175 |
| Petitioners, | Agency Nos. A200-149-847 |
| | A200-149-848 |
| v. | A200-149-846 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| MENG YU; SHUYUAN FENG; ANYA YU, | No. 15-72958 |
| Petitioners, | Agency Nos. A200-149-846 |
| | A200-149-847 |
| v. | A200-149-848 |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted February 5, 2018
San Francisco, California

Before:     D.W. NELSON, TASHIMA, and CHRISTEN, Circuit Judges.

Shuyuan Feng and Meng Yu and their daughter Anya Yu, citizens of China, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their claims for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"), as well as the BIA's denial of petitioners' subsequent motion to reopen. We have jurisdiction under 8 U.S.C. § 1252 and deny the petitions.

**1.**     Petitioners first contend that Feng's 2009 abortion was forced and therefore constitutes past persecution. If an applicant for asylum "has been forced to abort a pregnancy or to undergo involuntary sterilization . . . [she] shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. 1101(a)(42)(B). This court has recognized that "'forced' . . . includes compelling, obliging, or constraining by mental, moral, or circumstantial means, in addition to physical restraint." *Ding v. Ashcroft*, 387 F.3d 1131, 1139 (9th Cir. 2004). In this case, however, family planning officials never knew about the 2009 pregnancy and their 2007 threat was too attenuated from the 2009 pregnancy to constitute force. There is no record evidence of other specific coercive acts. *See Wang v. Ashcroft*,

341 F.3d 1015, 1018, 1020 (9th Cir. 2003). Substantial evidence therefore supports the BIA's conclusion that Feng's 2009 abortion was not forced.

Yu and Anya do not contend that they were subject to past persecution other than the 2009 abortion. Substantial evidence therefore supports the agency's finding that Yu and Anya have not demonstrated past persecution. *He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014).

**2.** Petitioners also contend that they have a well-founded fear of future economic persecution because the family will face sanctions for violating China's family planning policy. An asylum applicant may establish a well-founded fear by pointing to "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (citation and quotation marks omitted). Economic persecution must be "severe"; it is deprivation "above and beyond . . . [the] mere loss of social advantages." *Matter of T-Z-*, 24 I. & N. Dec. 163, 173 (BIA 2007). An applicant who has violated China's family planning policy can demonstrate a well-founded fear with evidence of "current local family planning enforcement efforts." *Matter of J-H-S-*, 24 I. & N. Dec. 196, 198 (BIA 2007); *accord Zhao v. Holder*, 728 F.3d 1144, 1147–48 (9th Cir. 2013).

Although Feng testified that her U.S.-born son had been denied admission to public kindergarten, petitioners did not point to "credible, direct, and specific evidence," *Rusak*, 734 F.3d at 896, of other penalties or how economic sanctions would "interfere[] with [their] livelihood," *He*, 749 F.3d at 796. Substantial evidence therefore supports the agency's conclusion that petitioners do not have a well-founded fear of future persecution in China.

3.      Because substantial evidence supports the agency's conclusion that petitioners are not eligible for asylum, they are *a fortiori* ineligible for withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Furthermore, petitioners waived any argument about their entitlement to CAT relief by failing to so argue in their opening brief. *Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013).

4.      Lastly, petitioners contend the BIA erred in not granting their motion to reopen based on ineffective assistance of counsel. "The right to effective assistance of counsel in immigration proceedings stems from the Fifth Amendment's guarantee of due process." *Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 921 (9th Cir. 2015). Petitioners must show that prior counsel's performance was both deficient and prejudicial, such that it "'may have affected the outcome of

the proceedings.'" *Mohammed v. Gonzales*, 400 F.3d 785, 794 (9th Cir. 2005) (quoting *Iturribaria v. INS*, 321 F.3d 889, 900 (9th Cir. 2003)).

First, petitioners did not substantially comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), which sets forth the requirements for a motion to reopen where, as here, ineffective assistance is not "clear and obvious." *See Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1226–27 (9th Cir. 2002) (listing *Lozada* requirements, but noting that they are not "rigidly applied, especially when the record shows a clear and obvious case of ineffective assistance"). Petitioners did not give prior counsel adequate notice of their allegations or file a complaint with disciplinary authorities.

Second, even if petitioners had complied with *Lozada*, they did not show that their prior counsel's performance was deficient or prejudicial. Their original attorney "present[ed] a viable legal argument on [petitioners'] behalf supported by relevant evidence." *United States v. Lopez-Chavez*, 757 F.3d 1033, 1041 (9th Cir. 2014) (citation and quotation marks omitted). The BIA therefore did not abuse its discretion in denying petitioners' motion to reopen.

·  ●  ·

The petitions for review are **DENIED**.