**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARLON GEOVANNY GUTIERREZ HERNANDEZ; KAREN YAMILET DIAZ NAVARRO; JASON RICARDO GOMEZ DIAZ; ONEYDA MARISOL GOMEZ DIAZ; BRITANY DAYANARA GUTIERREZ DIAZ, | Nos. 17-72632 18-71365 |

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

Agency Nos. A208-311-508
A208-310-232
A208-310-233
A208-310-238
A208-310-239

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 2, 2020[**]
San Francisco, California

Before: HAWKINS, GRABER, and BYBEE, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioners are romantic partners and three minor children who are all natives and citizens of Honduras. Petitioners have filed two petitions for review. The first petition seeks review of the Board of Immigration Appeals' (BIA) denial of their claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The second petition seeks review of the BIA's denial of their motion to reopen removal proceedings based on a claim of ineffective assistance of counsel. We consolidated the two petitions and review them together.

We have jurisdiction under 8 U.S.C. § 1252. We will uphold the denial of asylum, withholding of removal, and CAT claims unless the record "compels a contrary conclusion." *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007). We review the denial of a motion to reopen removal proceedings for abuse of discretion. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). We deny both petitions.

1. Substantial evidence supports the denial of asylum, withholding of removal, and CAT relief. Specifically, substantial evidence supports the BIA's conclusion that, under the standards applicable to asylum ("one central reason") and to withholding of removal ("a reason") for demonstrating a nexus between harm and a protected ground, *Barajas-Romero v. Lynch*, 846 F.3d 351, 356–60

(9th Cir. 2017), the violence Petitioners suffered was on account of an intra-family conflict and not on account of a protected ground. Applying the applicable legal standard set out in *Barajas-Romero*, the BIA determined that this dispute arose out of the Petitioners' refusal to allow their daughter to spend time at her aunt's home because the aunt was romantically involved with a member of a criminal gang. Feeling slighted, the aunt enlisted several alleged members of the gang to torment Petitioners. Accordingly, the BIA permissibly held that the dispute was personal in nature.

Substantial evidence also supports the denial of CAT relief, because Petitioner failed to establish that it is "more likely than not that a government official or person acting in an official capacity would torture [the Petitioners] or aid or acquiesce in [their] torture by others." *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009) (internal quotation marks omitted). Specifically, substantial evidence supports the BIA's determination that the Honduran government would not sanction gang violence if Petitioners returned. Police took a report and investigated Petitioners' complaints related to the gang, they issued a restraining order against the children's aunt and her friend who were both associated with the gang, and the court scheduled a hearing to determine whether the aunt was guilty of a criminal offense. Although the police required Petitioners

3

to serve the restraining order, the Agency permissibly found that, on balance, the police and local courts were willing to help Petitioners avoid further violence. Unlike in *J.R. v. Barr*, No. 18-72812, 2020 WL 5494320, at \*4–5 (9th Cir. Sept. 11, 2020), the government here did not withdraw its protection of Petitioners or otherwise demonstrate an inability to control the gang.

2. The BIA did not abuse its discretion when it denied Petitioners' motion to reopen. Petitioners argue that they received ineffective assistance of counsel because their lawyer defined the proposed particular social group as "individuals who refuse to be threatened or harmed by gang members and as a result they are relentlessly targeted." Petitioners are correct that the lawyer's proffered social group was doomed from the start because the group was "defined exclusively by the fact that it is targeted for persecution." *Matter of C-A-*, 23 I. & N. Dec. 951, 960 (BIA 2006) (quoting UNHCR Guidelines, ¶ 2) (emphasis omitted); *see also Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020). Petitioners argue that their lawyer should have defined the group as "witnesses willing to testify or have testified against gang members and their affiliates, and family relationship."

But Petitioners suffered no prejudice. To demonstrate prejudice, Petitioners must show that the outcome of their proceedings would have been different had

4

their attorney presented a different social group. *Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 922 (9th Cir. 2015).

Witnesses who testify against criminal gang members may constitute a cognizable social group. *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092–93 (9th Cir. 2013) (en banc). But Petitioners did not actually testify against any gang members before fleeing Honduras. And had they testified, their testimony would have related to a restraining order against the children's aunt and her friend. Neither the aunt nor the friend was a gang member. Any potential testimony would have been only tangentially related to gang activity. Accordingly, the BIA did not abuse its discretion in denying Petitioners' motion to reopen.

The Attorney General's decision in *Matter of L-E-A-*, 27 I. & N. Dec. 581 (U.S. Att'y Gen. 2019), does not change the outcome. There, the Attorney General concluded that, although some family or clan groups may satisfy the fact-intensive "particular social group" analysis, most family units cannot because "most nuclear families are not inherently socially distinct." *Id.* at *589. But, here, the BIA permissibly found that a personal dispute—not membership in a family or opposition to gangs—motivated the alleged persecution.

**Petitions DENIED**.