NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIIL SHEIKO, | No. 20-70356 |
| Petitioner, | |
| v. | Agency No. A213-014-454 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2021[**]
San Francisco, California

Before: M. SMITH, Jr., and IKUTA, Circuit Judges, and VRATIL,[***] District Judge.

Petitioner Daniil Sheiko seeks review of a decision by the Board of

Immigration Appeals ("BIA") which denied petitioner's two motions to reopen. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

have jurisdiction under 8 U.S.C. § 1252.

1. The BIA did not abuse its discretion by dismissing as untimely both of petitioner's motions to reopen and refusing to equitably toll the deadline to file petitioner's motions.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

A motion to reopen must be filed 90 days after the final administrative order of removal is rendered. 8 U.S.C. § 1229a(c)(7)(C)(i). On July 19, 2018, the BIA summarily dismissed petitioner's appeal because petitioner, who was represented by counsel, did not file a brief despite indicating an intent to do so. On September 9, 2019, more than a year after the BIA's dismissal, petitioner filed a motion to reopen. Petitioner filed a second motion to reopen on November 6, 2019. Because both motions were filed more than 90 days after the final decision of the BIA, the BIA did not abuse its discretion in denying the motions as untimely.

Likewise, the BIA did not abuse its discretion by refusing to equitably toll the time for petitioner to file motions to reopen.

Petitioner argues that the BIA should have equitably tolled the clock on his untimely motions to reopen because of ineffective assistance of counsel. Specifically, petitioner argues that a competent attorney would have filed his I-130

and I-485[1] contemporaneously and, as a result, petitioner would not have been subject to removal from the United States. The BIA found that petitioner did not comply with procedural requirements required to demonstrate ineffective assistance. *See Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). To successfully show grounds for equitable tolling on account of ineffective assistance of counsel,[2] petitioner must demonstrate that he complied with *Lozada*. *See Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 920 (9th Cir. 2015). The record is clear that he did not do so. And petitioner is not excused from complying with *Lozada* because counsel's ineffectiveness is not plain on its face. *See Guan v. Barr*, 925 F.3d 1022, 1033 (9th Cir. 2019). Moreover, petitioner does not explain how the alleged ineffective assistance precluded him from timely filing the motion to reopen. Finally, petitioner has not demonstrated how the outcome of his case would have been different if counsel had filed his visa applications concurrently. Petitioner has been removed from the United States, but he can still petition for a change of status. 8 C.F.R. § 245.2(a)(1). As such, the BIA did not abuse its discretion in refusing to equitably

---

[1] An I-130 is an application for an alien relative and an I-485 is an application to register permanent residence or adjust status. Petitioner argues that if his attorney had concurrently filed these visa petitions, his status would have been immediately adjustable and he would not have been removed.

[2] A motion to reopen may also be subject to equitable tolling if petitioner shows that the country conditions have changed. 8 U.S.C. § 1229a(c)(7)(C)(ii). Petitioner did not argue that the country conditions have changed.

toll the deadline for filing petitioner's motions to reopen.

2. To the extent that petitioner challenges the denial of asylum, the issue is not properly before the Court, because we may review only the BIA's denial of the motion to reopen.

This Court may not address arguments which the BIA did not decide. *See Gonzalez v. Thomas*, 547 U.S. 183, 185–86 (2006) (per curiam) (court erred in deciding matters not decided by BIA).

Petitioner argues that counsel and the immigration judge made a series of errors that kept him from meaningfully presenting his case and denied his right to due process. These arguments were not presented to the BIA on appeal because petitioner failed to file a brief, which caused the BIA to summarily dismiss his appeal. Even construing petitioner's second motion to reopen as a motion to reconsider, the BIA did not reach these arguments because it reviewed only its prior decision to dismiss plaintiff's appeal for failure to submit a brief. *See* 8 C.F.R. § 1003.2(b)(1) (motion to reconsider must specify errors in prior BIA decision). Thus, because the BIA did not have opportunity to consider these arguments, they are not properly before this Court.

3. We do not have jurisdiction to review the BIA's failure to *sua sponte* grant reconsideration.

The BIA's decision to reopen *sua sponte* is discretionary in nature. *In re J—*

4                                    20-70356

*J—*, 21 I. & N. Dec. 976, 984 (BIA 1997). No statute directs the BIA when to reconsider *sua sponte* or prescribes a standard for the BIA to use in making such a determination. *See* 8 C.F.R. § 1003.2(a). As a result, we have jurisdiction to review such decisions only where the BIA committed some legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 587 (9th Cir. 2016); *Ekimian v. I.N.S.*, 303 F.3d 1153, 1158–59 (9th Cir. 2002) (court did not have jurisdiction to review refusal to reopen *sua sponte* because court lacked meaningful standard of review).

Petitioner argues that the BIA committed legal error by failing to explain its reasoning for why it refused to exercise its *sua sponte* authority to reopen. Even if the BIA had explained why it declined to reopen, we would be without a standard to review the BIA's determination. Accordingly, petitioner has not shown that the BIA committed legal error and we lack jurisdiction to consider this argument.

**PETITION FOR REVIEW DENIED.**

**PETITION FOR STAY OF REMOVAL DENIED AS MOOT.**