NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALVADOR SANTIAGO-BARRALES,
AKA Elias Santiago-Morales,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   17-70314
      18-70782

Agency No. A205-991-913

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022**
Las Vegas, Nevada

Before:  KLEINFELD, D.M. FISHER,*** and BENNETT, Circuit Judges.

Salvador Santiago-Barrales, a native and citizen of Mexico who entered the

United States in 2003 without authorization, petitions this Court for relief from the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable D. Michael Fisher, United States Circuit Judge for the
U.S. Court of Appeals for the Third Circuit, sitting by designation.

Board of Immigration Appeals' final order of removal and denial of his motion to reopen proceedings. We deny the petition in part and dismiss in part.[1]

Of Santiago-Barrales's several grounds for relief raised on direct appeal, only his claim for protection under the Convention Against Torture remains.[2] We review factual findings for substantial evidence and legal conclusions de novo. *Lopez v. Sessions*, 901 F.3d 1071, 1074 (9th Cir. 2018). Santiago-Barrales asserts he is likely to face torture at the hands of authorities due to his former membership in a street gang known as Barrio Bajo. But the immigration judge and the BIA properly determined he had not shown an individualized likelihood of experiencing torture. Santiago-Barrales argues the BIA committed legal error by requiring him to identify a specific government official whom he feared. However, the BIA merely pointed to his inability to identify such an official as evidencing the weakness of his claim, so this was not an error of law.

Following the BIA's initial denial of his claims for relief, Santiago-Barrales moved to reopen on the basis of new material evidence. He was married during the pendency of proceedings, and he claims his U.S. citizen stepson will suffer

---

[1] This court has jurisdiction to review final orders of removal under 8 U.S.C. § 1252. But as discussed below, "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i).

[2] Santiago-Barrales concedes the social group that formed the basis of his original withholding claim is not legally cognizable, and he does not dispute that his asylum claim is time-barred.

hardship if he is removed. A petitioner seeking to reopen based on new evidence must "establish a prima facie case for relief," which entails "a reasonable likelihood that the statutory requirements for relief have been satisfied." *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003) (citation omitted). Santiago-Barrales argues the BIA—in denying his motion—misapplied the law by requiring him to show "a reasonable likelihood of success on the merits." The BIA's formulation is materially indistinguishable from the proper standard, so no legal error occurred.

The BIA also concluded Santiago-Barrales had not made the requisite showing of "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D). It determined "the hardships in this case are sadly common [to] the families of removed aliens and do not prima facie meet the high level required by the Act." In his briefs, Santiago-Barrales reiterates that his stepson will suffer hardship, without further alleging constitutional or legal error. As he is effectively asking us to review the BIA's exercise of discretion, we lack jurisdiction to hear the claim. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012).

Before the BIA, Santiago-Barrales timely supplemented his motion to reopen with a claim of ineffective assistance of counsel, which was likewise denied. To prevail, Santiago-Barrales must show both "that counsel failed to perform with sufficient competence," and "that [he] was prejudiced by counsel's performance." *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). We

resolve this claim on the prejudice prong.

In assessing prejudice, we must consider the underlying merits and determine whether the petitioner—if adequately represented—could present a plausible claim for relief. *Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004). Santiago-Barrales's prior counsel filed an appeal with the BIA, so we do not presume prejudice. *See Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 921 (9th Cir. 2015).

Even with the assistance of competent counsel, Santiago-Barrales cannot show that he satisfies the "particular social group" element of a withholding claim. 8 U.S.C. § 1231(b)(3)(A). He alleges he will face persecution as a former gang member, which he maintains is a cognizable particular social group. This argument is squarely foreclosed by *Arteaga v. Mukasey*, where we held that the category of former gang members "is far too unspecific and amorphous to be called a social group." 511 F.3d 940, 946 (9th Cir. 2007). Relying on out-of-circuit precedent, Santiago-Barrales tries to distinguish *Arteaga* as concerning an inactive gang member as opposed to a former gang member. *See Martinez v. Holder*, 740 F.3d 902, 912 (4th Cir. 2014); *Benitez Ramos v. Holder*, 589 F.3d 426, 430–31 (7th Cir. 2009). This is a distinction without a difference. We have routinely characterized *Arteaga* as barring withholding claims based solely on the petitioner's status as a "former gang member[]." *See, e.g., Cole v. Holder*, 659 F.3d 762, 770 (9th Cir.

4

2011). Even if aided by effective counsel, Santiago-Barrales does not have a valid withholding claim.

Santiago-Barrales also cannot show prejudice on his asylum claim. He suggests that effective counsel could have argued his application falls within the exception to the one-year deadline for changed circumstances at 8 U.S.C. § 1158(a)(2)(D). However, he has not alleged facts showing changed circumstances relating to his application for asylum. *See Budiono v. Lynch*, 837 F.3d 1042, 1046–47 (9th Cir. 2016). Likewise, Santiago-Barrales has not alleged facts or offered an argument showing a plausible, different outcome on the question of CAT protection. In sum, he cannot show prejudice from counsel's alleged errors; therefore, his ineffective assistance claim fails.

**DENIED IN PART AND DIMISSED IN PART.**