**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ALBERTINA RUIZ RODAS,<br><br>    Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 21-70510<br><br>Agency No. A205-316-073<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2023[**]
Pasadena, California

Before: SCHROEDER, TALLMAN, and IKUTA, Circuit Judges.

Albertina Ruiz Rodas, a citizen of El Salvador, petitions for review of the

Board of Immigration Appeals' ("BIA") decision denying her motion to reopen.

Her motion claimed ineffective assistance of counsel as grounds for equitable

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

tolling of the 90-day limitation period. The BIA found that even if her prior counsel's performance had been deficient, she had failed to show prejudice. *See Ramirez Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016); *Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 921 (9th Cir. 2015).

The record supports the BIA's conclusion that Petitioner could not have prevailed on her asylum claim because her asylum application was time barred as filed six years after her entry, *see* 8 U.S.C. § 1158(a)(2)(B), no exception to the time bar applied, *see* 8 U.S.C. § 1158(a)(2)(d), and she was not entitled to asylum as a matter of discretion given her prior false statements to immigration authorities and crime, *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004). Petitioner's asylum and withholding of removal claims also fail because regardless whether experts could have demonstrated that her proposed particular social group had social visibility (now referred to as "social distinction"), she did not provide evidence that she was part of the group, or that she was harmed on that account. *See Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Nor was there any showing that the El Salvadoran government was unwilling or unable to control her persecutor, as required for protection under the

2

Convention Against Torture. *See B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022).

There was also no abuse of discretion in the denial of cancellation of removal, since the exception to the filing deadline for motions to reopen based on changed country conditions does not apply to cancellation of removal. *See* 8 C.F.R. § 1003.2(c)(3). The motion to reopen also claimed changed country conditions, but the new evidence did not show that the conditions in El Salvador had worsened. *See Salim v. Lynch*, 831 F.3d 1133, 1137-39 (9th Cir. 2016).

**PETITION DENIED.**