**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE EDEL ACOSTA-SALDANA, | No. 22-1368 |
| Petitioner, | Agency No. A095-697-743 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2023**
San Francisco, California

Before: S.R. THOMAS, BEA, and BENNETT, Circuit Judges.

Jose Edel Acosta-Saldana ("Petitioner"), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals's ("BIA") decision

affirming the Immigration Judge's ("IJ") denial of his second motion to reopen

removal proceedings. Exercising jurisdiction under 8 U.S.C. § 1252(a)(1), we

deny the petition.

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

"Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination." *Khadka v. Holder*, 618 F.3d 996, 1000 (9th Cir. 2010) (citation omitted). We review denials of motions to reopen for abuse of discretion. *Kaur v. Garland*, 2 F.4th 823, 829 (9th Cir. 2021) (citation omitted). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law." *Id.* (quoting *Martinez v. Barr*, 941 F.3d 907, 921 (9th Cir. 2019)). Applying this standard, "[w]e review legal questions de novo and factual findings for substantial evidence." *Id.* (citation omitted). Substantial evidence supports an agency's factual determination "unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citation omitted).

Typically, Petitioners may file "only one motion to reopen" removal proceedings, "and that motion must be filed no later than 90 days after the date on which" the removal order became final. 8 C.F.R. § 1003.2(c)(2); 8 U.S.C. § 1229a(c)(7)(A), (C)(i). But two exceptions are relevant here: the numerical and time bars can be waived if a petitioner can demonstrate (1) materially "changed country conditions arising in the country of nationality," 8 U.S.C. § 1129a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); or (2) that they received ineffective assistance of counsel at earlier stages of the proceeding, *see Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 920 (9th Cir. 2015).

1.      The IJ did not abuse her discretion in concluding that Petitioner's status as a gay man and his HIV diagnosis do not constitute materially changed

*country conditions. Almaraz v. Holder*, 608 F.3d 638, 639–40 (9th Cir. 2010) (holding that petitioner's HIV diagnosis was "a change in his personal circumstances, not a change in circumstances 'arising in the country of nationality'" (quoting 8 C.F.R. § 1003.2(c)(3)(ii)). Although a change in health status can make a change in country conditions relevant, *see Chandra v. Holder*, 751 F.3d 1034, 1036–39 (9th Cir. 2014), substantial evidence supports the IJ's factual determination that conditions for LGBT and HIV-positive individuals in Mexico "appear to have somewhat improved or at least remained the same" since Petitioner's removal order became final in 2006,[1] *see Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021) ("General references to continuing or remaining problems is not evidence of a *change* in a country's conditions." (internal quotation marks and citation omitted)).

State Department reports in the record show that although discrimination and violence against the LGBTI community persist in Mexico, there has been "a gradual increase in public tolerance of LGBTI individuals." Another study found that access to medical care for HIV-positive individuals increased in Mexico between 2007 and 2014, although barriers to access remain. Accordingly, the record before us does not compel a conclusion that conditions

---

[1] The IJ also noted that Petitioner failed to attach an application for relief with his second motion to reopen, as required by relevant regulation. 8 C.F.R. § 1003.23(b)(3). Even assuming that the application attached to Petitioner's first motion to reopen was sufficient to satisfy this regulation, Petitioner's claim still fails on the merits.

in Mexico have *worsened* for LGBTI and HIV-positive individuals in Mexico since Petitioner's removal order became final in 2006. *See Duran-Rodriguez*, 918 F.3d at 1028.

2.     Petitioner has forfeited any challenge to the IJ's determination that he is ineligible for equitable tolling based on ineffective assistance of counsel because he failed to raise any such argument in his opening brief. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (holding that argument was waived where petitioner failed to "specifically and distinctly discuss the matter in her opening brief" (internal quotation marks and citation omitted)).

3.     Petitioner has also forfeited any argument that his due process rights were violated because his opening brief does not articulate any facts suggesting that he was denied a full and fair hearing. *Velasquez-Gaspar*, 976 F.3d at1065.

**PETITION DENIED.**