NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA REGALADO GOMEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1462

Agency No.
A072-533-628

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2023**
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Petitioner Maria Regalado Gomez ("Petitioner"), a native and citizen of

Guatemala, petitions for review of the Board of Immigration Appeal's ("BIA")

denial of her motion to reopen her application for asylum, withholding of removal,

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT") on the basis of ineffective assistance of counsel. The BIA denied her motion as untimely, finding that Petitioner did not demonstrate the due diligence necessary to equitably toll the filing deadlines. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion, and we must uphold the BIA's decision unless it acted "arbitrarily, irrationally, or contrary to law." *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004) (internal quotation marks, alterations, and citation omitted), *amended by* 404 F.3d 1105 (9th Cir. 2005). Although motions to reopen must be filed within 90 days of the final administrative order of removal, ineffective assistance of counsel may support equitable tolling of the filing deadline if the applicant demonstrates, among other things, due diligence in discovering the ineffectiveness. *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011). In assessing whether a petitioner exercised due diligence, we consider: (1) if and when a reasonable person in petitioner's position would suspect the specific fraud or error underlying her motion to reopen; (2) whether petitioner took reasonable steps to investigate the suspected fraud or error, or, if petitioner is ignorant of counsel's shortcomings, whether petitioner made reasonable efforts to pursue relief; and (3) when the tolling period should end, as relevant here, when petitioner definitively learns of harm resulting from counsel's

2

deficiency or obtains vital information bearing on existence of her claim. *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011).

Petitioner states that two of her prior attorneys provided ineffective assistance of counsel—her first attorney by failing to present evidence of her post traumatic stress disorder during her hearing with the IJ and her second attorney by failing to allege ineffective assistance of counsel or file a motion to reopen during her appeal to the BIA. When the BIA denied her appeal, Petitioner filed a petition for review with the Ninth Circuit and was appointed pro bono counsel (her third attorney). When the petition was denied, Petitioner contacted current counsel (her fourth attorney) for another opinion on her case, and states this was the first time she learned of the option of filing a motion to reopen. She argues that she was entitled to equitable tolling based on the ineffective assistance of prior counsel(s) who did not advise of the option of filing a motion to reopen.

The BIA found that Petitioner failed to establish due diligence with respect to her ineffective assistance of counsel claims for both her first and second attorneys, stating that she did not adequately explain to what extent she informed her second attorney of the first attorney's failings or why she was unable to file a timely motion to reopen based on the actions of her second attorney after the BIA dismissed her appeal. Petitioner argues the BIA impermissibly erred by ignoring components of her declaration which explained why she filed the motion late. But

3

even accepting Petitioner's declaration as true, Petitioner still has not shown that the BIA abused its discretion in finding she failed to show due diligence. The BIA found that Petitioner failed to offer sufficient evidence to show what steps she took to investigate her options apart from simply hiring other lawyers. She does not, for example, state that she relied on counsel's advice regarding appropriate next steps in pursuing her case. *See Avagyan*, 646 F.3d at 681 (citing *Mejia-Hernandez v. Holder*, 633 F.3d 818, 824–25 (9th Cir. 2011) (holding that petitioner was diligent when, after his motion was denied for lack of a filing fee, he discussed the issue with counsel, who promised to remedy the BIA's mistake)); *Rodriguez-Lariz v. I.N.S.*, 282 F.3d 1218, 1224–25 (9th Cir. 2002) (holding that petitioners were diligent when, after counsel missed deadlines and lied about doing so and a motion for reconsideration was denied, they promptly sought new counsel and moved to reopen within a month). Given the lack of detail provided by Petitioner, the BIA could have rationally concluded that she failed to show she took "reasonable steps" in investigating her claim. *Avagyan*, 646 F.3d at 679.

Furthermore, the BIA noted that Petitioner failed to allege any deficient performance by her pro bono counsel and did not "claim to have discussed her prior counsels' alleged deficient performance with pro bono counsel, nor does she claim that she was advised that a petition for review was the only or best avenue available to her." The BIA therefore reasonably presumed competent

4

representation, including that pro bono counsel would have informed Petitioner of the option to file a motion to reopen based on ineffective assistance of prior counsel. Petitioner makes no arguments to the contrary. And Petitioner does not otherwise explain what steps she took to investigate and pursue her claim during the almost two-and-a-half-year period between when the BIA dismissed her appeal in May 2018 and when her fourth attorney advised her of the option to file a motion to reopen in November 2020. Petitioner bears the burden to establish due diligence, *Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 920 (9th Cir. 2015) (stating that the petitioner must demonstrate due diligence), and the BIA did not abuse its discretion when it determined that Petitioner failed to meet that burden here.

The petition is **DENIED**.