NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

YESENIA MARISOL HERNANDEZ-
HERNANDEZ; D.S.H.H.,

      Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

      Respondent.

No. 23-2736

Agency Nos.
A220-197-163
A220-197-164

MEMORANDUM[*]

YESENIA MARISOL HERNANDEZ-
HERNANDEZ; D.S.H.H.,

      Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

      Respondent.

No. 23-4050

Agency Nos.
A220-197-163
A220-197-164

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 21, 2024
Seattle, Washington

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: MILLER, LEE, and H.A. THOMAS, Circuit Judges.

Yesenia Marisol Hernandez-Hernandez ("Hernandez") and her minor son, D.S.H.H., are citizens of El Salvador. They petition for review of a decision of the Board of Immigration Appeals ("BIA") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] They also petition for review of the BIA's decision denying their motion to reopen proceedings based on ineffective assistance of counsel.

We review the BIA's denial of a motion to reopen for abuse of discretion and defer to the BIA's exercise of its discretion unless it acted arbitrarily, irrationally, or contrary to law. *Reyes-Corado v. Garland*, 76 F.4th 1256, 1259 (9th Cir. 2023). "Within that rubric, the court reviews the BIA's determination of purely legal questions de novo and its factual findings for substantial evidence." *Id.* at 1260. We review ineffective assistance of counsel claims de novo. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). To establish ineffective assistance of counsel, the petitioner must show: (1) "counsel's performance was deficient," and (2) the petitioner "suffered prejudice." *Singh v. Holder*, 658 F.3d

---

[1] D.S.H.H. was a derivative beneficiary of Hernandez's asylum application. He also filed separate applications for withholding of removal and CAT protection based on the same underlying factual contentions as in Hernandez's applications. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal or CAT protection).

879, 885 (9th Cir. 2011). "The failure to file a necessary document creates a presumption of prejudice[,] rebutted only when the [noncitizen] lacks plausible grounds for relief." *Id.* at 887 (first alteration in original, internal quotation marks omitted).

We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review of the BIA's decision denying Petitioners' motion to reopen, and we dismiss as moot the petition for review of the BIA's underlying decision denying their applications.

The government does not dispute that Petitioners' counsel acted deficiently in failing to timely alert Petitioners to the 30-day filing deadline. But contrary to the BIA's determination, we find that the fact that a courtesy copy of the BIA decision was served upon Petitioners is not sufficient to rebut the presumption that their counsel's conduct caused them prejudice. The Agency's regulations make clear that service of the BIA decision shall be made upon the attorney when an individual is represented. *See* 8 C.F.R. § 1292.5(a). And it is unreasonable to expect that Hernandez, who does not speak English and graduated with only a middle school education, should have understood the significance of the 30-day filing deadline without the assistance of her retained counsel. *Cf. Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 922 (9th Cir. 2015) ("[I]t is hardly rational to think that someone with a high school education would have the wherewithal to know that he

should ignore and override his lawyer's advice."). Nor can we say that Petitioners lack plausible grounds for relief.

We therefore **GRANT** the petition in Case No. 23-4050 and **REMAND** for the BIA to reissue its decision denying Petitioners' applications. We **DISMISS** the petition in Case No. 23-2736 as moot.