NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ALEXANDER ALONSO-CAMPOS; MARIA DILCIA SERRANO; B.G.A.-S.; Y.A.A.-S., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-7477 <br><br> Agency Nos. <br> A240-304-464 <br> A240-304-463 <br> A240-304-465 <br> A240-304-466 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2026[**]
San Francisco, California

Before: CALLAHAN, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Carlos Alexander Alonso-Campos, Maria Dilcia Serrano, and their two sons,

B.G.A.-S. and Y.A.A.-S., are natives and citizens of Honduras. They petition for

review of an order of the Board of Immigration Appeals ("BIA") denying their

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

untimely motion to reopen and reissue based on ineffective assistance of counsel ("IAC"). We review the BIA's denial of a motion to reopen for abuse of discretion. *Nababan v. Garland*, 18 F.4th 1090, 1094 (9th Cir. 2021). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022) (quoting *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014)). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

A motion to reopen must be filed within 90 days after entry of the final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The 90-day deadline for filing a motion to reopen is subject to equitable tolling. *Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 920 (9th Cir. 2015); *see also Iturribarria v. INS*, 321 F.3d 889, 897–99 (9th. Cir. 2003) (recognizing that equitable tolling can be applied to the deadline to file a motion to reopen based on IAC). To receive equitable tolling based on IAC, a "petitioner must demonstrate: '(a) that he was prevented from timely filing his motion due to prior counsel's ineffectiveness; (b) that he demonstrated due diligence in discovering counsel's fraud or error; and (c) that he complied with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).'" *Salazar-Gonzalez*, 798

F.3d at 920 (quoting *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011)).[1]

Here, the BIA held that Petitioners failed to establish diligence because they provided no explanation for not contacting their attorney or otherwise acting within the 90-day filing deadline. Petitioners provided no evidence of any action or investigation into their attorney's suspected deficient performance, or explanation to justify the lack thereof, until they finally contacted counsel in late October. Thus, the BIA did not abuse its discretion in finding that Petitioners did not meet their burden to show diligence. *See Avagyan v. Holder*, 646 F.3d 672, 679–81 (9th Cir. 2011).

**PETITION DENIED.**[2]

---

[1] In its order, the BIA failed to cite the correct law on the requirements for equitable tolling based on IAC. But because the BIA's findings as to the lack of evidence of diligence apply equally to the correct standard of law set out in *Singh* and *Salazar-Gonzalez*, this error is not reversible.

[2] The temporary stay of removal remains in place until the mandate issues. The motion for stay of removal (Dkt. No. 3) is otherwise denied.