NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL SAAVEDRA ORTIZ,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　Respondent. | No.　20-71698<br><br>Agency No. A207-127-096<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued & Submitted October 4, 2021
Submission withdrawn November 8, 2021
Re-submitted April 18, 2022
San Francisco, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and McSHANE,** District Judge.

Gabriel Saavedra Ortiz ("Petitioner"), a native of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") decision affirming the

---

　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　** The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

Immigration Judge's ("IJ") denial of his applications for adjustment of status and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we review for substantial evidence the agency's factual findings, *see Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the Petition.

The BIA's adverse credibility determination was supported by substantial evidence given the BIA's discussion of several instances in which Petitioner's testimony appeared false, inconsistent, or otherwise implausible. For example, the BIA pointed out that, during a 2014 interview with United States Citizenship and Immigration Services ("USCIS"), Petitioner failed to disclose at least two departures from the United States, both of which he would later acknowledge at a 2018 hearing. And at the 2018 hearing itself, the BIA noted that Petitioner first claimed he had never left the country after 1997, but then acknowledged a 2005 trip to England when pressed by the government. Both instances support the agency's adverse credibility determination. *See* 8 U.S.C. § 1229a(c)(4)(C) (stating that the agency "may base a credibility determination on . . . any inaccuracies or falsehoods in [a witness's] statements"); *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (observing that "[t]he BIA and IJ were permitted to afford substantial weight to inconsistencies" in the petitioner's account, and holding that such inconsistencies supported the agency's adverse credibility determination). Similarly, although Petitioner disputed USCIS records indicating

that he had left the country in 2012, it was not unreasonable for the agency to conclude that it is implausible that immigration officials, having just fingerprinted an alien who was unauthorized to be in the United States, would then allow that alien to remain in the country without initiating removal proceedings, as Petitioner's account suggested. Such testimony lends further support to the BIA's adverse credibility determination. *See Lalayan v. Garland*, 4 F.4th 822, 837–38 (9th Cir. 2021) (upholding agency's adverse credibility determination based in part on the petitioner's implausible testimony). Finally, the demeanor findings cited by the BIA "specifically point[ed] out the noncredible aspects of the [P]etitioner's demeanor," *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010), including his dry mouth, shaky voice, and glances around the courtroom—findings that "are entitled to special deference," *Ling Huang v. Holder*, 744 F.3d 1149, 1155 (9th Cir. 2014). Thus, the BIA identified "specific and cogent reasons" to support its adverse credibility determination, *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017), and Petitioner has failed to show that the record compels a contrary result.

Petitioner argues that because the IJ made no explicit credibility determination regarding the testimony of his father, the BIA should have presumed that the father's testimony—which echoed Petitioner's own account of the 2012 border incident—was truthful. This argument is unpersuasive. Although a presumption of credibility "may arise" in appeals before the BIA where the IJ

3

failed to make an explicit credibility determination, such a presumption is rebuttable, and "the BIA [need not] follow a particular formula or incant 'magic words' like 'incredible' or 'rebutted' to overcome the INA's presumption of credibility on appeal." *Garland v. Ming Dai*, 141 S. Ct. 1669, 1671, 1677–78, 1679 (2021). Reviewing courts should "consider the possibility that the BIA implicitly found the presumption of credibility rebutted." *Id*. at 1679. Here, even if the IJ did not make an explicit credibility determination regarding Petitioner's father, the BIA observed that Petitioner's father "parroted the same implausible claim that despite raising suspicion at the border, and then being fingerprinted and processed in 2012, the [Petitioner] was simply 'let go' into the United States." Thus, "even if the agency did not utter the words 'adverse credibility finding,'" it is clear "the BIA found that [the father's] presumption of credibility had been overcome." *Id*. at 1680.

Absent credible testimony regarding "the time, place, and manner" of Petitioner's entry into the United States, 8 U.S.C. § 1361, the record does not compel the conclusion that Petitioner sustained his burden of proving "clearly and beyond a doubt" that he was not inadmissible as charged, 8 C.F.R. § 1240.8(c).

Finally, substantial evidence supported the BIA's determination that Petitioner was ineligible for an adjustment of status. This conclusion was based on record evidence that Petitioner had accrued more than one year of unlawful

4

presence and had re-entered the United States without inspection on multiple occasions, which rendered him inadmissible under 8 U.S.C. § 1182(a)(9)(C). Because Petitioner's inadmissibility is based on accrued unlawful presence, his inadmissibility may not be waived. *See Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 921 (9th Cir. 2015). Petitioner's sole argument is that § 1182(a)(9)(C) is "inapplicable" because he never entered or attempted to enter the United States without being admitted. But the only evidence that Petitioner offers to support that he entered with inspection is his own testimony, which the agency permissibly found lacked credibility. Thus, Petitioner did not establish his entitlement to an adjustment of status. *See* 8 C.F.R. § 1240.8(d) (stating that an alien has the burden to prove eligibility "for any requested benefit or privilege"). Because Petitioner is inadmissible under § 1182(a)(9)(C), the BIA appropriately concluded that he is ineligible to adjust status under 8 U.S.C. § 1255(a) or § 1255(i). *See Safaryan v. Barr*, 975 F.3d 976, 981 (9th Cir. 2020) (noting that "[a]n alien seeking to adjust his or her status" under 8 U.S.C. § 1255(a) must be admissible); *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 514 (9th Cir. 2012) (en banc) (holding that aliens inadmissible under 8 U.S.C § 1182(a)(9)(C)(i)(I) are not eligible for adjustment of status under 8 U.S.C. § 1255(i)).

Petitioner did not address, let alone challenge, the BIA's denial of his application for cancellation of removal, and therefore has waived any challenge to

5

this denial.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

The motion and supplemental motion to stay removal are denied as moot.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**