**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS RUFINO RAMIREZ CANSECO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-1572 <br><br> Agency No. <br> A075-521-365 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2024**
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Carlos Rufino Ramírez Canseco (Ramírez), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' (BIA) order denying his

motion to reopen. Ramírez's motion to reopen is both number and time barred

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

because it is his second motion to reopen and was filed more than 14 years after the date of the final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). He argues that equitable tolling applies to his motion based on either ineffective assistance of counsel or changed country conditions. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition.

1. To qualify for equitable tolling due to ineffective assistance of counsel, Ramírez must show "that he demonstrated due diligence in discovering counsel's fraud or error." *Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 920 (9th Cir. 2015) (citation omitted). The BIA did not abuse its discretion when concluding that Ramírez did not exercise due diligence because he did not take "reasonable steps" to investigate fraud or error, nor make "reasonable efforts to pursue relief" even if he was "ignorant of counsel's shortcomings." *Bonilla v. Lynch*, 840 F.3d 575, 582 (9th Cir. 2016) (quoting *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011)). Ramírez waited at least 14 years to pursue a motion to reopen for ineffective assistance of counsel. *See id.* at 583 (describing a six-year delay as an "exceedingly long lapse of time"). During this period, multiple occurrences could have tipped off a reasonable petitioner of his counsel's shortcomings, including the

2                                                                 23-1572

original BIA denials, notices of adverse decisions from the Ninth Circuit indicating his counsel had failed to prosecute, and his removal from the United States in 2009 based on what prior counsel termed "a mistake." *See Avagyan*, 646 F.3d at 680. Given his exceedingly long delay in pursuing relief, Ramírez's stated ignorance of the United States legal system does not "excuse[] a lack of due diligence in definitively learning of the fraud after becoming suspicious of it." *Singh v. Gonzales*, 491 F.3d 1090, 1097 (9th Cir. 2007).[1]

2. To qualify for equitable tolling due to changed country conditions, Ramírez must: "(1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) demonstrate . . . prima facie eligibility for the relief sought." *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (quotation omitted). First, Ramírez provided no evidence of baseline conditions in 2003 from which to draw a comparison. *See Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021). Second, Ramírez fails to show "individualized relevancy" to establish materiality. *See Najmabadi*, 597 F.3d at 989. Finally, evidence about Ramírez's

---

[1] Because lack of due diligence is determinative on its own, we do not reach the BIA's other bases for denying equitable tolling for ineffective assistance of counsel. *See Bonilla*, 840 F.3d at 583; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

alleged experiences in Mexico in the 1990s was "available" in 2003 and could have been "discovered or presented" during his initial removal proceedings. *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 805 (9th Cir. 2022) (quoting 8 U.S.C. § 1229a(c)(7)(C)(ii)). The BIA did not abuse its discretion in concluding that Ramírez had not provided sufficient evidence for reopening his removal proceedings on changed country conditions.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for stay of removal is otherwise denied.