NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUHEIM FRANCO CARNALLA, | No.   19-71389 |
| Petitioner, | Agency No. A098-445-471 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| SUHEIM FRANCO CARNALLA, | No.   20-70479 |
| Petitioner, | Agency No. A098-445-471 |
| v. | |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2026**
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Suheim Franco Carnalla, a native and citizen of Mexico, petitions for review of two orders of the Board of Immigration Appeals ("BIA"). The first petition seeks review of the BIA's denial of her motion to reconsider and motion to reopen. The second petition seeks review of the BIA's denial of her motion to reopen based on ineffective assistance of counsel. "We review the BIA's denial of motions to reopen or to reconsider for abuse of discretion[.]" *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022) (quoting *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014)). "Questions of law, including claims of due process violations due to ineffective assistance, we review de novo." *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We have jurisdiction under 8 U.S.C. § 1252. We deny the petitions.

**A. Case No. 19-71389**

The BIA did not abuse its discretion in denying Franco's motion to reconsider and motion to reopen. Franco offers no argument regarding the BIA's dispositive finding that her motion to reconsider was not timely filed. Franco has thus forfeited any challenge to this issue on appeal. *See Tijani v. Holder*, 628 F.3d

2

1071, 1080 (9th Cir. 2010).

The BIA may deny a motion to reopen where a petitioner has failed to establish a prima facie case for the requested relief. *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023). Prima facie eligibility requires "a reasonable likelihood that the petitioner would prevail on the merits if the motion to reopen were granted." *Id.* at 1179.

The BIA did not abuse its discretion in determining that Franco did not establish prima facie eligibility for asylum, withholding of removal, or protection under the Convention Against Torture ("CAT"). Franco has not offered any evidence indicating a reasonable likelihood that any harm she fears would be on account of a protected ground rather than personal reasons. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (per curiam) (explaining that "[a] personal dispute is not, standing alone, tantamount to persecution based on" a protected ground). Franco likewise has not offered evidence indicating a reasonable likelihood that the Mexican government would acquiesce in her torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("[E]vidence that a government has been generally ineffective in preventing or investigating criminal activities [does not] raise an inference that public officials are likely to acquiesce in torture, absent [other] evidence[.]").

**B. Case No. 20-70479**

3

The BIA did not err in denying Franco's motion to reopen based on ineffective assistance of counsel. To prevail on a motion to reopen based on ineffective assistance of counsel, a petitioner must show that her counsel failed to perform with "sufficient competence" and that she suffered prejudice as a result. *Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 921 (9th Cir. 2015) (quoting *Mohammed*, 400 F.3d at 793). To establish prejudice, a petitioner's "burden is to demonstrate that [her] lawyer's errors 'may have affected the outcome of the proceedings[.]'" *Id.* (quoting *Mohammed*, 400 F.3d at 794 & n.11).

The BIA did not err in determining that Franco did not suffer prejudice due to her attorney's actions because she failed to show that the addition of a psychological evaluation diagnosing two of her children with post-traumatic stress disorder may have affected the outcome of her application for cancellation of removal. As the BIA noted, Franco testified about the harm her ex-partner inflicted on the two children, and the Immigration Judge referenced those circumstances in his decision. And because the merits of her application for asylum, withholding of removal, and CAT protection are the same as in Case No. 19-71389, her petition on these issues fails for the same reasons discussed above.

Because these conclusions are dispositive of Franco's petitions, we do not address the remainder of her claims.

4

**PETITIONS DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motions for a stay of removal (No. 19-71389, Dkt. 1; No. 20-70479, Dkt. 1) are otherwise denied.